**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SUKHPAL SINGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 09-CV-186-GKF-PJC |
| ) | |
| STANLEY GLANZ, Sheriff; ) | |
| NURIA T. PRENDES, ICE Field Office Dir.; ) | |
| JANET NAPOLITANO, Sec., Dep't of ) | |
| Homeland Security; and ) | |
| ERIC HOLDER, Attorney General of ) | |
| the United States, ) | |
| ) | |
| Respondents. ) | |

**OPINION AND ORDER**

On April 6, 2009, Petitioner, a detainee appearing *pro se*, filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus (Dkt. # 1). In his petition, Petitioner alleges that he has been in custody of Immigration and Customs Enforcement ("ICE") more than nine (9) months since entry of the removal order[1] and that his continued detention is illegal because his removal is no longer foreseeable. Id. On May 5, 2009, the government filed a response (Dkt. # 9) to the petition and requested that the petition be dismissed (Dkt. # 8). Petitioner filed a response (Dkt. # 12) to the motion to dismiss. On July 10, 2009, the government filed a motion to supplement the response (Dkt. # 13) with temporary travel documents issued by the Consulate of India. Those travel documents expire August 13, 2009. See Dkt. # 13, Ex. 1. By Order filed July 13, 2009 (Dkt. # 14),

---

[1] Subsequent to entry of the Administrative Removal Order on July 8, 2008, see Dkt. # 9, Ex. 5, Petitioner reapplied for asylum. On March 19, 2009, an Immigration Judge ordered Petitioner removed. See Dkt. # 9, Ex. 8.

the Court granted the motion to supplement. The supplemental information has now been filed of record. See Dkt. # 15.

Petitioner believes he has been in custody too long and should be released. See Dkt. # 1. He has indicated, however, that it is "his will, desire to be removed." See Dkt. # 12.  In Zadvydas v. United States, 533 U.S. 678 (2001), the United States Supreme Court held that six (6) months is a presumptively reasonable period for holding detainees subject to deportation, as follows:

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six (6) months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.  Because temporary travel documents have been issued for Petitioner, see Dkt. # 15, his deportation is now more than reasonably foreseeable, it is imminent.  Therefore, the government has made the showing required under Zadvydas and the motion to dismiss shall be granted.  The petition shall be dismissed without prejudice subject to and conditioned upon Petitioner's deportation on or before August 13, 2009.  This action shall remain open until such time as the government files a Notice to the Court that Petitioner has been deported.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondents' motion to dismiss (Dkt. # 8) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** subject to and conditioned upon Petitioner's deportation on or before August 13, 2009.

2

3.       This action shall remain open until such time as the government files a Notice to the Court that Petitioner has been deported.

DATED THIS 13th day of July, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma